Paid: 15001311Z

**Mary Greene Mazur**
c/o: 23875 Michigan Avenue #486
Dearborn, Michigan 48124-9998
Telephone: (313) 680 – 7619
Email: Mary@igniteandhealyourlife.com

Case: 2:24-cv-13193
Assigned To : Goldsmith, Mark A.
Referral Judge: Ivy, Curtis, Jr
Assign. Date : 12/2/2024
Description: CMP MAZUR V. GARRISON ET AL (AB)

Pro Se

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Mary Greene Mazur,<br><br>    Plaintiff,<br><br>vs.<br><br>Jeffrey Garrison, Raymond Prater, Ashley Sloat, Rolland Sizemore, Erica Parker,<br><br>    Defendants. | Case No.: _____<br><br>COMPLAINT<br><br>1. Malicious Prosecution (42 USC § 1983)<br>2. False Imprisonment<br>3. Denial of Substantive Due Process<br>4. Denial of Procedural Due Process<br>5. Discrimination (42 USC § 1983)<br>6. Conspiracy (42 USC § 1983)<br>7. Conspiracy to Deprive Person of Property<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Mary Greene Mazur individually for her Complaint against Defendants Jeffrey Garrison, Raymond Prater, Ashley Sloat, Erica Parker, and Roland Sizemore inclusive and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 USC §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 USC §§ 1983 and 1985 as well as the Fourteenth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 USC § 1367(a) because those claims are so related to

-1-

COMPLAINT

the federal claims that they form part of the same or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 USC § 1391(b) because Defendants reside in this district and all incidents, events and occurrences giving rise to this action occurred in this district.

3. Venue is also proper in this Court under 28 USC § 1332 diversity of citizenship because Plaintiff is not a U.S. citizen.

## INTRODUCTION

4. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law I connection with the Plaintiff being falsely arrested and falsely imprisoned on January 1st and 2nd 2024 and maliciously prosecuted without any probable cause.

## PARTIES

5. At all relevant times, Plaintiff Mary Greene Mazur was an enrolled member of the Cherokee Nation of Indians (hereinafter "Nation") and staying with relatives in Howell, Livingston County, Michigan.

6. At all relevant times, Defendant Jeffrey Garrison, Chief of Police for the Village of Pickney, was an individual residing in the Village of Pickney, County of Livingston, State of Michigan.

7. At all relevant times, Defendant Raymond Prater, an officer of the Pickney Police Department, was an individual residing in the Village of Pickney, County of Livingston, State of Michigan.

8. At all relevant times, Defendant Ashley Sloat, the Clerk of the Pickney Police Department, was an individual residing/acting in the Village of Pickney, County of Livingston, State of Michigan.

9. At all relevant times, Defendant Erica Parker, a prosecuting attorney for Livingston County, was an individual residing in the County of Livingston, Michigan.

10. At all relevant times, Defendant Rolland Sizemore, a prosecuting attorney for Livingston County, was an individual residing in the County of Livingston, Michigan.

## NOTICE OF CLAIM

11. Within six months of dismissal, Plaintiff filed a written Notice of Claim with all named Defendants individually. Over thirty days have elapsed since filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth herein.

13. Plaintiff was stopped on the evening of November 15th, 2023, by Officer Raymond Prater of the Pickney Police Department for an alleged speeding violation.

14. Plaintiff produced her tribal identification, insurance information and her automobile registration from the Cherokee Nation of Indians.

15. Defendant Prater questioned Plaintiff about her tribal plates stating he was unfamiliar with "Cherokee nation" plates.

16. Plaintiff explained that the automobile was owned by the Nation and that she was the beneficial user as an enrolled member of the Nation respectively.

17. After several minutes whereby he consulted with other officers who arrived on the scene, Defendant Prater released Plaintiff without issuing any citation and stated he was going to look into the Cherokee nation as he was unfamiliar with them.

18. Plaintiff provided Prater her contact information (cell phone number) and told Prater to contact her if he had any other questions.

19. Plaintiff never heard from anyone on this matter until January 1st of 2024 when she was crossing the border from Canada back into the United States of America when U.S. Customs officers flagged her for an outstanding warrant and subsequently took her into custody.

20. The warrant in question had been issued for Plaintiff's arrest on November 30th, 2023, by Defendant Rolland Sizemore of the Livingston County Prosecutor's Office.

Defendant Ashley Sloat was the complaining witness. Plaintiff had never encountered Sloat during any course of matters or proceedings prior to her discovery of this warrant on January 1st.

21. Plaintiff was detained in custody by the U.S. Customs officers until the Livingston County Sheriff arrived to pick her up and transport her to the Livingston County jail. Since the Sheriff deputy made no request to seize Plaintiff's automobile, U.S. Customs officers allowed Plaintiff to leave her automobile in their parking lot so that a relative could pick it up later.

22. Plaintiff was held at the Livingston County jail overnight for approximately 24 hours and released the following day. While at the jail she was compelled to be photographed, fingerprinted, and cheek swabbed to collect a sample of her DNA.

23. Plaintiff was charged with alleged felony forgery of a registration plate, operating and unregistered vehicle, expired insurance, and operating without a license on person.

24. Plaintiff's first appearance was at a hearing on January 9th, 2024, where she met the prosecutor, Defendant Erica Parker.

25. Plaintiff explained to Defendant Parker about her membership with the Nation and showed her the tribal documents demonstrating the valid standing of the Nation, that the Nation held title to the automobile, as well as her current valid insurance policy.

26. Plaintiff further explained to Defendant Parker that there existed no probable cause for the alleged charges.

27. Defendant Parker chose to disregard all evidence offered by Plaintiff and opted to move forward with the charges.

28. Plaintiff's next hearing was the probable cause hearing on January 29th, 2024.

29. At the probable cause hearing it was discovered that the copy the judge had of the warrant showed the "complaining witness" as Jeffrey Garrison as opposed to the copy plaintiff had named Ashley Sloat.

30. One copy of the Warrant had Ashley Sloat as the complaining witness and another copy had Chief Jeffrey Garrison as a complaining witness.

31. Neither Ashley Sloat or Jeffrey Garrison made an appearance at the probable cause hearing.

32. Ashley Sloat and Jeffrey Garrison knowingly signed a warrant that they lacked firsthand knowledge of the incident.

33. At the probable cause hearing, Judge Shauna Murphy stated "there is no probable cause here" and dismissed the case in its entirely.

## Damages

34. As a direct and proximate result of all Defendants, Plaintiff suffered the following injuries:

    (a) Was maliciously prosecuted under color of law (42 USC § 1983);

    (b) Violation of her right to Due Process of Law under the Fourth Amendment to the United States Constitution against unreasonable seizure and no warrants shall issue without probable cause;

    (c) Loss of her right to substantive due process;

    (d) False arrest;

    (e) False Imprisonment;

    (f) Discrimination;

    (g) Emotional trauma and suffering including but not limited to fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience and anxiety;

    (h) Loss of liberty.

## First Claim for Relief

Malicious Prosecution (42 USC § 1983)

(Against all named defendants in their official and individual capacities)

35. Plaintiff realleges and restates each and every allegation in paragraphs 1 – 33 of this Complaint with the same force and effect as if fully set forth herein.

36. All named defendants, while acting under color of law with malice and without probable cause commenced criminal proceedings against Plaintiff for the purpose of

denying Plaintiff her constitutionally protected rights and her fundamental right to travel.

37. Defendants knew or should have known that they could not prevail in their action and could not establish probable cause in support of their warrant nor their action.

38. Defendants did not prevail with their action and could not prove any probable cause.

39. Defendants acted with malice and their actions caused damages to Plaintiff.

## Second Claim for Relief

### False Imprisonment

(Against all named defendants in their official and individual capacities)

40. Plaintiff realleges and restates each and every allegation in paragraphs 1 – 36 of this Complaint with the same force and effect as if fully set forth herein.

41. Defendants intentionally deprived Plaintiff of her freedom of movement and liberty by restraining her and transporting her to jail by menace, fraud, deceit and unreasonable duress.

42. Plaintiff did not knowingly volunteer or consent.

43. Plaintiff was aware of the restraint and imprisonment and was in custody for approximately 24 hours.

44. Defendants issued an arrest warrant without any probable cause to support the issuance.

45. The restraint and arrest of Plaintiff was without any legal justification.

46. As a direct and proximate result of all defendants, Plaintiff suffered the following injuries and damages:

   a) Violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person;

   b) Violation of her right to due process of Law under the Fifth and Fourteenth Amendments to the United States Constitution;

c) Violation of her fundamental right to travel;

d) Emotional trauma and suffering, including but not limited to fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience and anxiety;

e) Loss of liberty.

## Third Claim for Relief

## Denial of Substantive Due Process

(Against all named defendants in their official and individual capacities)

47. Plaintiff realleges and restates each and every allegation in paragraphs 1 – 43 of this Complaint with the same force and effect as if fully set forth herein.

48. Defendants caused a felony charge against Plaintiff without having any of the required elements in the statute of forgery of a registration plate.

49. Defendants cause an arrest warrant to be issued for Plaintiff without having any probable cause to support the warrant.

50. Plaintiff has a cognizable interest under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution to be free from arbitrary and oppressive government actions that deprive her of life, liberty or property in such a manner as to shock the conscience, including but not limited to state interference in Plaintiff's liberties.

## Fourth Claim for Relief

## Denial of Procedural Due Process

(Against all named defendants in their official and individual capacities)

51. Plaintiff realleges and restates each and every allegation in paragraphs 1 – 47 of this Complaint with the same force and effect as if fully set forth herein.

52. Defendants while acting under color of law issued an arrest warrant for Plaintiff fifteen days after her traffic stop.

COMPLAINT

53. Defendants issued the warrant with no more evidence than they had the night they let her go from the traffic stop

54. Defendants made no effort whatsoever, after releasing Plaintiff on November 15th, 2023, to inform her of the subsequent warrant issued two weeks later nor during the entire following month until she was arrested by U.S. Customs and Border Protection when she was crossing the border from Canada on January 1st, 2024.

### Fifth Claim for Relief

### Discrimination

(Against all named defendants in their official and individual capacities)

55. Plaintiff realleges and restates each and every allegation in paragraphs 1 – 51 of this Complaint with the same force and effect as if fully set forth herein.

56. Plaintiff was discriminated against by defendants for being a member of the Cherokee Nation of Indians and for displaying tribal plates and identification.

57. Defendants acted with indifference to Plaintiff because she was a member of the Cherokee Nation of Indians and because she was displaying tribal plates and identification.

58. Defendants used unfair treatment to deprive Plaintiff of her fundamental right to travel due to her nationality.

### Sixth Claim for Relief

### Conspiracy to Deprive Person of Rights 42 USC § 1985

(Against all named defendants in their official and individual capacities)

59. Plaintiff realleges and restates each and every allegation in paragraphs 1 – 51 of this Complaint with the same force and effect as if fully set forth herein.

60. Defendants, under color of law, knowingly conspired for the purpose of depriving, either directly or indirectly, Plaintiff of the equal protection of the laws, or of equal privileges and immunities under the law.

61. Defendants, under color of law, engaged in a substantial step of the above conspiracy by the overt act of unlawfully seizing and imprisoning Plaintiff without probable cause.

### Seventh Claim for Relief

### Conspiracy to Deprive Person of Property 42 USC § 1985

(Against all named defendants in their official and individual capacities)

62. Plaintiff realleges and restates each and every allegation in paragraphs 1 – 61 of this Complaint with the same force and effect as if fully set forth herein.

63. Plaintiff has a private property interest in her photographic likeness, her fingerprints and her DNA.

64. Defendants, under color of law, knowingly conspired for the purpose of depriving, either directly or indirectly, Plaintiff of her property without probable cause in violation of the fourth amendment.

65. Defendants, under color of law, knowingly conspired, for the purpose of depriving, either directly or indirectly, Plaintiff of her property without due process of law in violation of the fifth amendment.

66. Defendants, under color of law, knowingly conspired, for the purpose of taking, either directly or indirectly, Plaintiff's private property for public use without just compensation in violation of the fifth amendment.

67. Defendants, under color of law, engaged in a substantial step of the above conspiracy by the overt act of unlawfully seizing the above-described private property from Plaintiff and have not returned said private property or assured her it has been completely destroyed and expunged from any and all files, storage or databases respectively.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Mary Greene Mazur requests entry of judgment in her favor against Defendants Garrison, Prater, Sloat, Parker and Sizemore inclusive as follows:

A. For compensatory damages in the amount of $500,000;

B. For punitive damages against individual defendants in the amount of $50,000,000 or in an amount to be proven at trial;

C. For statutory damages;

D. For interest;

E. For litigation expenses;

F. For costs of suit;

G. For such further and/or other relief as the Court may deem just, proper and appropriate.

December 2nd, 2024

Respectfully submitted,

by: *Mary Greene Mazur*

Mary Greene Mazur, Pro Se
c/o: 23875 Michigan Avenue #486
Dearborn, Michigan 48124

# PROOF OF SERVICE BY MAIL

STATE OF MICHIGAN       )
                        )
COUNTY OF OAKLAND       )

I currently occupy a dwelling in St. Clair County and I am over the age of eighteen years. I can receive mail c/o: 420 South Water Street, No. 272, Marine City, Michigan 48039-1690.

On December 2nd, 2024, I served the following documents:

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN**
**Complaint for Damages, Mary Greene Mazur v. Jeffrey Garrison, Ashley Sloat, Raymond Prater, Rolland Sizemore, Erica Parker.**

by mailing them true copies thereof by certified mail to the addresses below as follows:

Jeffrey Garrison USPS certified #**7015 0640 0005 1224 6494**
Ashley Sloat USPS certified # **7015 0640 0005 1224 6517**
Raymond Prater USPS certified # **7015 0640 0005 1224 6500**
220 S Howell St.
Pinckney, MI 48169

Erica Parker USPS certified # **9589 0710 5270 0564 9132 01**
Rolland Sizemore USPS certified # **9589 0710 5270 0564 9132 25**
210 S Highlander Way
Howell, MI 48843

I declare under penalty of perjury under the laws of the State of Michigan that the foregoing is true and correct.

Executed on December 2nd, 2024, at Auburn Hills, Michigan.

_____
Nathaniel Verellen

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mary Greene Mazur

**DEFENDANTS**
J. Garrison, R. Prater, A. Sloat, R. Sizemore, E. Parker

**(b)** County of Residence of First Listed Plaintiff: Washington, Tenn.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Livingston, Michigan
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
pro per, c/o: 23875 Michigan Avenue #486
Dearborn, Michigan 48124-9998
(313) 680 – 7619

Attorneys *(If Known)*
unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [x] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Management Relations | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | |
| | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) |
| | | | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | | **Other:** | **IMMIGRATION** | [ ] 950 Constitutionality of State Statutes |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983, 1985

Brief description of cause:
Violation and Conspiracy to Violate Civil Rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Dec 2, 2024 | *Mary Greene Mazur* |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____