UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY GREENE MAZUR,

       Plaintiff,

v.

JEFFREY GARRISON, et al.,

       Defendants.
_____/

Case No. 24-cv-13193

HON. MARK A. GOLDSMITH

**OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION (Dkt. 44), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 45), AND (3) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkts. 36, 37)**

This matter is before the Court on Magistrate Judge Curtis Ivy Jr.'s Report and Recommendation (R&R) recommending that the Court grant Defendants' motions to dismiss (Dkts. 36, 37). R.&R. at PageID.425 (Dkt. 44). Plaintiff Mary Greene Mazur filed an objection. (Dkt. 45). The Defendants[1] filed responses (Dkts. 48, 49).[2] The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

For the reasons set forth below, the Court (i) adopts the recommendation in the R&R in its entirety, (ii) overrules Mazur's objections, and (iii) grants Defendants' motions to dismiss.

### I. BACKGROUND

---

[1] The Village of Pinckney, Chief of Police Jeffrey Garrison, and Officers Raymond Prater and Ashley Sloat are the Pinckney Defendants. R.&R. at PageID.424. Livingston County, and county prosecutors Erica Parker and Rolland Sizemore are the Livingston Defendants. Id.

[2] Also included in the briefing is Mazur's Response to Livingston's motion (Dkt. 39), Mazur's Response to Pinckney's motion (Dkt. 40), Livingston's Reply (Dkt. 41), and Pinckney's Reply (Dkt. 42).

The full relevant factual background is set forth in the R&R. R.&R. at PageID.426–429. According to the amended complaint, Mazur was a member of the Cherokee Nation of Indians (Nation). Am Compl. ¶ 5 (Dkt. 23). On November 15, 2023, Pinckney police officer Raymond Prater pulled Mazur over for an alleged speeding violation. Id. ¶ 15. Mazur produced her tribal identification, insurance information, and her vehicle registration from the Nation. Id. ¶ 16. Below are photographs Prater took of Mazur's tribal identification and license plate.



Identification at PageID.212 (Dkt. 39-1).



License Plate at PageID.228 (Dkt. 36-2).

Prater asked Mazur about her tribal license plate because he was unfamiliar with it. Id. ¶ 17. Mazur explained that the Nation owned her car and gave Prater a document which she alleged showed that the FBI acknowledged the validity of her license plate and tribal identification. Id. ¶ 18. Prater released Mazur without a citation but told Mazur he was going to "look into Cherokee Nation." Id. ¶ 19. Prater later submitted a police report that alleged Mazur had a fraudulent license plate. Id. ¶ 20.

On January 1, 2024, Mazur attempted to cross the border from Canada into the United States, but she was stopped and taken into custody on an outstanding warrant for forgery of a registration plate, operating an unregistered vehicle, operating with expired insurance, and operating without a license on a person. Id. ¶ 21, 27. The warrant listed police officer Ashley Sloat and Chief of Police Jeffrey Garrison as the complaining witnesses and Prater as the complainant. Id. ¶ 22. Mazur was held in the Livingston County jail for approximately 24 hours. Id. ¶ 26.

3

Mazur's first appearance was on January 9, 2024. Id. ¶ 28. At her initial appearance she met assistant county prosecutor Erica Parker. Id. She explained to Parker her membership in the Nation and showed Parker documents demonstrating her membership and that the Nation held title to her vehicle. Id. ¶ 29. She also showed Parker her current valid insurance policy. Id. Parker allegedly disregarded the evidence that Mazur showed her and proceeded with the prosecution. Id. ¶ 30. Mazur contacted Parker at least three more times with additional information demonstrating her relationship with the Nation and how to verify Mazur's assertions. Id. ¶ 31–33. One of these pieces of information was "clear instructions on how to track and verify the Shipper Export [Declaration] from Michigan to the Cherokee Nation of Indians in Tennessee." Id. ¶ 31.

Prater testified at Mazur's probable cause hearing on January 29, 2024 and explained the steps he took to investigate Mazur's license plate. Id. ¶ 34–35. Mazur alleges that Prater testified that he confirmed that the "vehicle title had been exported" and that he had "erroneously sought confirmation from" Tennessee. Id. ¶ 36. Prater allegedly conceded that it was possible that the reason he could not find the title registered in Tennessee is because it was registered to the Nation. Id. Prater also admitted that he did not know where else to look to verify Mazur's statements and he did not follow up on the information that she provided to him. Id. ¶ 37. The judge ultimately found no probable cause had been established, and the case was dismissed without prejudice. Id. ¶ 38.

Mazur brought suit against all the Defendants for malicious prosecution (Count I) and discrimination (Count V) under 42 U.S.C. § 1983. Id. at PageID.141–146. She also brought claims against all Defendants for conspiracy to deprive person of rights and property (Counts VI and VII) under 42 U.S.C. § 1985. Id. She brought claims against the Village of Pinckney, Livingston County, as well as individual Defendants Prater, Garrison, Sloat, and Sizemore for false

4

imprisonment (Count II), denial of substantive due process (Count III), and denial of procedural due process (Count IV). Id.

As set forth in the R&R, all Defendants moved to dismiss the amended complaint. R.&R. at PageID.425. The magistrate judge recommended granting both motions to dismiss because Mazur did not adequately plead a Monell claim under the ratification, inadequate training, or custom of tolerance theories. Id. at PageID.432. The R&R also recommended dismissing the claims against the individual defendants because these claims were brought against the individual defendants in their official capacities which is duplicative of the claims against the Village of Pinckney and Livingston County. Id. at PageID.436–438.

Mazur makes eight objections to the R&R. Obj. at PageID.441–450. Each one lacks merit.

## II. ANALYSIS[3]

Mazur first objects to the R&R's use of Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp v. Twombly, 550 U.S. 544 (2007) as the relevant standard of review for deciding motions to dismiss. Obj. at PageID.441–442. Mazur argues that instead of the standard articulated in Iqbal and Twombly, the Court should use the standard articulated by the Second Circuit in Anderson News, LLC v. American Media, Inc., 680 F.3d 162 (2d. Cir. 2012). Id. at PageID.442. Mazur's argument does not make sense because, in Anderson News, the Second Circuit articulates the Iqbal/Twombly standard in analyzing the motion to dismiss at issue in the case. Id. at 181–182; 184–185. Regardless, the R&R articulates the correct standard of review, Iqbal and Twombly, in analyzing the motions to dismiss. The Court overrules this objection.

---

[3] When analyzing a 12(b)(6) motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). The Court will, therefore, consider photos of Mazur's tribal identification card and her license plate, which were attached to the briefing.

Mazur's second, third, and fourth objections attack the R&R's recommendation that she did not state a viable Monell claim under the ratification theory. Obj. at PageID.443–447; R. &R. at PageID.432. Under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), to succeed on a municipal liability claim, a plaintiff must establish that her constitutional rights were violated and that a policy or custom of the municipality was the "moving force" leading to the violation. Miller v. Sanilac Cnty., 606 F.3d 240, 255 (6th Cir. 2010). At the pleading stage, Mazur may establish that the municipality has an unconstitutional policy or custom by alleging facts that show "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." Burgess v. Fischer, 735 F.3d 462, 478 (6th Cir. 2013); see also Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986) (explaining that Monell liability may be established by the act of a single official "where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered").

To plausibly plead a claim of ratification under Monell, Mazur must show "an illegal policy or custom by demonstrating that an official with final decision-making authority ratified illegal actions." Alsaada v. City of Columbus, 536 F. Supp. 3d 216, 270 (S.D. Ohio 2021) (citing Lipman v. Budish, 974 F.3d 726, 747 (6th Cir. 2020)). Mazur can show the ratification by such an official in one of two ways: (i) by the official's "affirmative approval of a particular decision made by a subordinate," or (ii) by the official's "failing to meaningfully investigate and punish allegations of unconstitutional conduct." Id. at 270–271 (citing Feliciano v. City of Cleveland, 988 F.2d 649, 650 (6th Cir. 1993) and Wright v. City of Euclid, 962 F.3d 852, 882 (6th Cir. 2020)).

6

In objection two, Mazur asserts that the R&R "grossly misrepresented the facts in the amended complaint" when it claimed that "[t]he only relevant allegation [related to ratification] is that Chief of Police Defendant Garrison was on (sic) of the signatories to the criminal complaint." Obj. at PageID.443. She asserts that another allegation included in the amended complaint is that "Garrison signed a request for felony warrant and a request for two felony charges for which he lacked firsthand knowledge of the incident but nonetheless affirmed [he] examined the contents of the complaint and that the allegations were true … ." Id. Mazur argues that this fact "easily draw[s]" inferences that Garrison was an individual with final decision-making authority who ratified illegal actions and was a policy maker who failed to meaningfully investigate the acts of a subordinate. Id.

The Court disagrees for two reasons. First, Mazur's argument that Garrison's signature on the complaint "easily draws" the inference that he was "an official with final decision-making authority" is conclusory and therefore insufficient to survive a motion to dismiss. Iqbal, 556 U.S. at 678. Furthermore, nowhere in the amended complaint does Mazur actually allege that Garrison was an official with final decision-making authority. This alone is sufficient to demonstrate that Mazur has failed to state a Monell claim under the ratification theory. See Brown v. Chapman, 814 F.3d 447, 463 (6th Cir. 2016) ("Plaintiff's ratification theory fails because, as discussed above, it requires that plaintiff make allegations against a specific final decisionmaker and plaintiff does not make those allegations."); Campell v. Hamilton Cty., No. 22-315, 2023 WL 6295803 at *9 (S.D. Ohio Sept. 27, 2023) (granting motion to dismiss Monell claim under the ratification theory because plaintiff had not identified an official with final decision-making authority in his complaint). The first time that Mazur alleges that Garrison is an official with final decision-making authority is in her response to Livingston's motion to dismiss. Resp. to Livingston Mot. at

7

PageID.284. "The focus of any Rule 12(b)(6) motion to dismiss…is the complaint. This precludes the consideration of new allegations that may be raised in plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6)." Wilson v. RBS Citizens, N.A., No. 12-11691, 2012 WL 13013453, at *5, n. 2 (E.D. Mich. Nov. 13, 2012) (punctuation modified). Because the allegation that Garrison is an official with final decision-making authority is not included in the complaint, the Court will not consider it.

Second, Mazur's argument that Garrison's signature on a warrant that he lacked firsthand knowledge of demonstrates that he was a policy maker who failed to meaningfully investigate the acts of a subordinate is also insufficient to state a Monell claim under the ratification theory. "[A]n allegation of a single failure to investigate a single plaintiff's claim does not suffice." Pineda v. Hamilton Cnty., Ohio, 977 F.3d 483, 495 (6th Cir. 2020) (emphasis omitted). Rather, a Monell claim based on inadequate investigation requires "not only an inadequate investigation in this instance, but also a clear and persistent pattern of violations in earlier instances." Id. (punctuation modified). Mazur's amended complaint does not include allegations related to Garrison's failure to investigate his subordinate's acts or a pattern of earlier violations. Furthermore, the first time Mazur mentions this allegation is in her objection to the R&R.[4] Mazur cannot raise new allegations in her objections to the R&R. See Wilson, 2012 WL 13013453, at *5, n. 2. The Court overrules objection two.

---

[4] The position she takes in her objection is contrary to the position she took in her responses to both motions to dismiss. In her responses to the defendants' motions to dismiss, she stated that "This is not a case of 'failure to investigate' at all." Resp. to Livingston Mot. at PageID.284; Resp. to Pinckney Mot. at PageID.317. Mazur cannot take a different position than the position she took before the Magistrate Judge. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

In objection three, Mazur appears to argue that she does not have to allege that Garrison had authority to make final policy because as chief, "Garrison is always in charge and responsible for the model of professional standards he sets for his subordinates…." Obj. at PageID.444. This argument fails as a matter of law. See Brown, 814 F.3d at 463. Mazur does in fact have to make allegations that an individual is a policy maker with final decision-making authority to state a plausible Monell claim under the ratification theory. Id. Objection three is also overruled.

In objection four, Mazur makes arguments that are not fully intelligible. She appears to take issue with the magistrate judge's conclusion that Monell liability could not be premised on Prater's or Garrison's "ratification" of the prosecutor's charging decision. The R&R noted that charging decision was for the prosecutor to make, not police officers or officials. R.&R. at PageID.433. Mazur's arguments that charges "were requested" by Prater or "augmented" by Garrison, Obj. at PageID.444, do not refute that. Those actions—which pre-date the charging decision by the Livingston County Prosecutor—cannot "ratify" the later-in-time prosecutorial decision.

Mazur also misses the mark by claiming that these actions are somehow "prima facie evidence of the very inadequate training under Monell." Obj. at PageID.445 (emphasis in original). This unexplained argument is not the Court's responsibility to clarify. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (stating that an "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection). Objection four is overruled.

Mazur's fifth objection challenges the R&R's conclusion that she did not sufficiently plead a failure to train and supervise claim under the "inaction" theory of Monell. Obj. at PageID.445–446. She alleges that she has properly plead elements two through four of an "inaction" claim and

9

that the "only element that can be subject to debate is the first" because "what quantity of action defines 'pattern.'" Id. at PageID.446. She argues that Justice Brennan's concurrence in City of St. Louis v. Praprotnik, 485 U.S. 112 (1988), demonstrates that she can establish a "pattern" of inaction with just one instance of unconstitutional conduct. Id.

Mazur is wrong as a matter of law. The Sixth Circuit has recently observed that a "plaintiff cannot rely solely on a single instance to prove the existence of an unconstitutional custom." Franklin v. Franklin Cnty., Kentucky, 115 F.4th 461, 472 (6th Cir. 2024) (punctuation modified). Objection five is overruled.

In her sixth objection, Mazur appears to challenge the R&R's recommendation that her claims against Garrison, Sloat, and Prater in their official capacities are duplicative and thus should be dismissed. Obj. at PageID.447; R. &R. at PageID.435–436. The Court is unsure of what Mazur's contention is here, as she states that she "reserves her right to object to this determination as a matter of law for purpose of appeal." This is not a valid objection. See Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection ... is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). If Mazur is arguing that the R&R is incorrect to recommend dismissing the claims against the individuals in their official capacities, she is wrong as a matter of law. Claims against individuals in their official capacities are duplicative of claims against the entities for which the individuals work. Direct Construction Servs., LLC v. City of Detroit, Mich., 820 F. App'x 417, 420 (6th Cir. 2020). The Court overrules objection six.

10

Mazur disagrees, in objection seven, with the R&R's recommendation that she has failed to state a Monell claim as to Livingston County. Obj. at PageID.447–448; R.&R. at PageID.437. Mazur contends that she has stated a Monell claim under the ratification theory. Obj. at PageID.447. She argues that, in paragraph 24 of her amended complaint, she has clearly alleged that "Defendant Sizemore ratified [Garrison's alleged illegal act] by signing the complaint on November 29th." Obj. at PageID.448. As to Parker, Mazur argues that she had the "opportunity to mitigate damages," and that when Mazur sent Parker documents regarding her status with the tribe, Parker "either studied them and chose to exercise deliberate indifference or just ignored them." Id. at PageID.448. These arguments fail because Mazur did not allege in her amended complaint that Sizemore or Parker were officials with final decision-making authority, as required to state a plausible Monell claim under the ratification theory. See Brown, 814 F.3d at 463. The Court overrules objection seven.

In objection eight, Mazur references a statement in the Pinckney Defendants' motion regarding her membership in the Nation, which she claims raises a genuine issue of material fact. Obj. at PageID.448–450. However, her membership status in the Nation played no role in the magistrate judge's recommendation to grant the Defendants' motions to dismiss; nor does it matter to the Court's opinion here. Mazur's membership or non-membership status in the Nation is irrelevant to whether she has pled plausible claims in her amended complaint. Objection eight is also overruled.

### III. CONCLUSION

The Court adopts the R&R (Dkt. 44), overrules Mazur's objections (Dkt. 45), and grants the motions to dismiss (Dkts. 36, 37).

SO ORDERED.

Dated: November 18, 2025　　　　　　　　　　s/Mark A. Goldsmith
Detroit, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

　　The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 18, 2025.

　　　　　　　　　　　　　　　　　　　　　　s/Joseph Heacox
　　　　　　　　　　　　　　　　　　　　　　JOSEPH HEACOX
　　　　　　　　　　　　　　　　　　　　　　Case Manager